JOHN P. TWYFORD and HULL & COBURN v. THOS. HAZELRIGG'S ADMR.

**Decretal Sale of Land — Title Passed.**

> No title passes to the purchaser of land, at a decretal sale, where the legal title holders are not parties to the suit.

APPEAL FROM CARTER CIRCUIT COURT.

October 3, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Twyford, Hull, and Jones having purchased the land from Coburn and received a deed for it after Apperson had sold and conveyed it to Coburn were essential parties to the suit of Hazelrigg, assignee of Apperson, to enforce the lien on Coburn's notes executed to Apperson.

When Hazelrigg brought his suit two of the notes given by Coburn were not due though they were included in the suit, yet an amendment after each fell due was essential to a recovery of judgment thereon, which was not done.

As Twyford, Hull and Jones were not parties to Hazelrigg's suit, and as they held the legal title, no title passed to the purchaser under the decretal sale; therefore, it should be set aside. Jones having died, his heirs and representatives are essential parties. The judgment is reversed, with directions to permit the parties to amend their pleadings so as to bring all parties before the court and for further and full preparation, also to set aside the decretal sale of the land, and to permit Coburn to enforce his liens on the land as against Twyford, Hull, and Jones, heirs, by proper pleadings.